UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Nicholas T. Harrison,** | ) | **CASE NO. 1:11 CV 2397** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **State of Ohio,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

*Pro se* Plaintiff Nicholas Harrison filed this action under 42 U.S.C. § 1983 against the State of Ohio. In the Complaint, Plaintiff alleges he is being denied a speedy trial in the Cuyahoga County Court of Common Pleas. He seeks monetary damages.

### BACKGROUND

Plaintiff's Complaint is very brief and disjointed. He indicates he is bringing this action because he believes the Cuyahoga County Court of Common Pleas is violating his right to a speedy trial. He states he has charges pending against him in Cuyahoga County and has been unable to have all matters resolved in a timely manner. He contends he has not received file-stamped copies of *pro se* motions he submitted in his criminal case. He claims that due to these pending charges, he cannot participate in the Federal Bureau of Prisons drug programs or seek

release to a halfway house. He seeks $30,000.00 in damages.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing the Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### **ANALYSIS**

As an initial matter, the State of Ohio is immune from damages. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and their agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). Because the State of Ohio is the only defendant in this action, this case is subject to dismissal on this basis alone.

Moreover, this is Plaintiff's second attempt to bring these claims before the Court in a civil rights action. In September 2011, Plaintiff filed *Harrison v. State of Ohio*, Case No. 1:11 CV 1956 (N.D. Ohio filed Sept. 16. 2011) asserting substantially similar claims against the State of Ohio based on this same set of facts he alleges in this action. That case was assigned to United States District Judge James S. Gwin, who dismissed the case on its merits on December 2, 2011.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v.*

*Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a second time.

### CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/10/12